02-09-434-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00434-CR

 

 


 
 
 Ricardo Sanchez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 213th
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Ricardo Sanchez of aggravated sexual assault by threat
and assessed his punishment at fifteen years’ confinement.  The trial court
sentenced him accordingly.  In two issues, Appellant argues that the trial
court abused its discretion by admitting evidence of an extraneous offense in
violation of evidence rules 403 and 404(b) and that the trial court erred by
denying his motion to dismiss for preindictment delay.  Because the trial court
committed no reversible error, we affirm the trial court’s judgment.

Background
Facts

Appellant
was prosecuted for aggravated sexual assault of L.F., alleged to have occurred
on March 12, 2005.  He was indicted on January 7, 2009, and reindicted on April
27, 2009.  On November 25, 2009, Appellant filed a motion to dismiss for denial
of a speedy trial and for want of prosecution.  In the motion, Appellant
alleged that he had been prejudiced by the delay in trial proceedings because
the apartment complex where both he and L.F. had lived had destroyed evidence
corroborating his presence in the complex, and their places of work had
destroyed employment records.  At trial, L.F. admitted to working at The Olive
Garden but denied working there at the same time that Appellant had worked
there and denied having ever spoken to him.  Appellant presented evidence that
the two had worked together at the restaurant.  The trial court carried the
motion during trial but ultimately overruled it.

During
trial, the State called M.A., who testified over Appellant’s objection about an
incident involving Appellant that had occurred in New York on March 17, 2008.  She
testified that while she was doing laundry in the basement of her apartment
building, a man looked into the room, left, and then returned and “came
directly towards [her]” with what looked like “a screwdriver or something” in
his hand.  With his other hand, he grabbed her and began pulling her out of the
laundry room.  M.A. testified that she bit him and was able to “get loose a
little bit”; he then grabbed her by her blouse and pulled her to the elevator. 
M.A. testified that she managed to slip out of her blouse and escape.  M.A.
identified Appellant as the man in question.  The State also introduced
evidence that the events had resulted in Appellant’s conviction in New York for
forcible touching.

Extraneous Offense

In his
first issue, Appellant contends that the trial court abused its discretion by
admitting into evidence the extraneous New York offense because the evidence
lacked relevance and was unduly prejudicial in violation of rules 403 and 404(b)
of the Texas Rules of Evidence.  Appellant pointed out that he was convicted in
New York for the nonsexual offense of assault causing bodily pain.  He argued that
the New York assault was not substantially similar to the sexual offense of
which he was accused in Texas.  Although the State argued that the New York
assault was likely an attempted sexual assault, there was no specific evidence
of an attempted sexual assault beyond the State’s argument.

Appellant
made clear to the trial court his objection to the admission of the evidence of
the New York offense in a hearing outside the presence of the jury.  Trial
counsel was quite effective in calling his complaint to the trial court’s
attention and in explaining his reasoning, but the trial court allowed the
testimony because the trial court believed that the evidence of the extraneous
offense had a tendency to rebut Appellant’s defensive theory.  The State
pointed out, and the evidence showed, that Appellant grabbed the New York
complainant’s breast with sufficient force to cause her pain.  She managed to
escape by slipping out of her shirt.  The State argued that Appellant’s grabbing
the woman’s breast was an act that was sexual in nature, supporting the State’s
suggestion that the assault would have ended in sexual assault had the woman
not escaped.

We
review a trial court’s ruling on the admissibility of an extraneous offense
under an abuse of discretion standard.[2]  So long as the trial
court’s ruling falls within the “zone of reasonable disagreement,” there is no
abuse of discretion, and the trial court’s ruling should be upheld.[3] 
Rule 404(b) of the Texas Rules of Evidence specifically provides that evidence
of extraneous offenses may be admissible as proof of “motive, opportunity,
intent, preparation, plan, knowledge, identity, or absence of mistake or
accident.”[4]  An extraneous offense
may also be admissible to rebut a defensive theory, including a defensive
theory of fabrication or retaliation.[5]

The
State argued below and now argues on appeal that the New York conviction was
admissible to rebut Appellant’s theory that L.F. was lying about the
nonconsensual nature of the sexual activity.  We hold that Appellant’s New York
assault conviction for grabbing a woman’s breast under similar circumstances as
those to which L.F. testified was properly admissible because it was evidence
from which the jury could conclude that Appellant forced himself on L.F. and
that the sexual activity was not consensual.  The trial court therefore did not
abuse its discretion by admitting evidence of the New York assault.  We overrule
Appellant’s first issue.

Preindictment
Delay

In
his second issue, Appellant argues that the trial court erred by denying his
motion to dismiss for preindictment delay.  Although the warrant issued within
a reasonable time of the offense, there was no indictment until after the
conviction in New York.  It is unclear why the State delayed almost four years
in seeking an indictment, but it is also clear that Appellant left the
jurisdiction and went to New York, where he used a different name.  The warrant
was still in effect during the time Appellant lived in New York, and it was not
until after his conviction in New York that Texas took any action.  Evidence
disappeared.  Witnesses disappeared.  But Appellant at no time requested a
speedy trial.  Instead, he moved only for dismissal.

In a
procedurally similar case in which the appellant failed to preserve his
complaint, the Texas Court of Criminal Appeals explained,

An
accused in appellant’s place—arrested but not formally charged—has a choice: 
He can wait until he is charged, then file a motion for a speedy trial, and, if
this request is not honored, he can then file a motion to dismiss because he
has diligently sought what he is entitled to—a speedy trial.  Or he can wait
until he is charged and simply file a motion to dismiss if he can show that he
diligently tried to move the case into court before formal charges were filed. 
Here, appellant never requested a speedy trial; he sought only an outright
dismissal and tried to prove that he acted on the desire for a speedy
resolution before he was charged.[6]

As in State v. White,
Appellant’s legal theories

 

were always equity,
due process, and due course of law.  He never asked for a speedy trial, never
cited Barker v. Wingo, the controlling Sixth Amendment speedy trial
case, and never argued his motion to dismiss in terms of the Barker
factors.[7]

Because
Appellant did not argue a violation of the Sixth Amendment, we look only to
whether he was sufficiently harmed by the delay to constitute a denial of due
process.  The police tried to find Appellant and acquired copies of his
resident alien card and social security card from the leasing office of the
apartment complex where his sister lived.  When they discovered that the cards
were fake, the officers prepared and circulated a Crime Stoppers flyer with a
photograph of Appellant on it.  They received no response.

The
police also sought and were granted an arrest warrant, but the case went cold. 
Officers later located a person named “Roberto Maldonado Corte” in New York
City.  He was finally identified by DNA as Appellant.  Appellant has not shown
how he was prejudiced by the delay that was caused, in part, by his fleeing Texas
and living in New York under a different name.  Accordingly, we overrule Appellant’s
second issue.

Conclusion

          Having
overruled Appellant’s two issues, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]Prible v. State,
175 S.W.3d 724, 731 (Tex. Crim. App.), cert. denied, 546 U.S. 962
(2005).





[3]Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).





[4]Tex. R. Evid. 404(b).





[5]Bass v. State, 270
S.W.3d 557, 563 (Tex. Crim. App. 2008).





[6]Cantu v. State, 253 S.W.3d 273, 284–85
(Tex. Crim. App. 2008) (footnote omitted).





[7]State v. White, 306 S.W.3d 753, 759
(Tex. Crim. App. 2010) (citation omitted).